UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|                           |   |                           |
|---------------------------|---|---------------------------|
| PASQUALE RAFFONE,         | : |                           |
|     Plaintiff,            | : |                           |
|                           | : |                           |
|     v.                    | : | CASE NO. 3:16-cv-1550(RNC)|
|                           | : |                           |
| TATIANA MESSINA and       | : |                           |
| FREDERICK HINE,           | : |                           |
|     Defendants.           | : |                           |

ORDER

Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1985 against a prosecutor and witness in a forfeiture proceeding alleging due process violations and a conspiracy to violate his right to due process. Defendants have moved to dismiss arguing that plaintiff does not allege a claim on which relief may be granted. (ECF Nos. 26, 31.). I agree and therefore grant both motions.

I. Allegations

The operative complaint alleges the following.[1] Plaintiff

---

[1] Plaintiff's initial complaint is docketed as "Complaint" on the Connecticut Superior Court's docket, under Case Number FBT-CV-16-5031758-S ("First Complaint"). Plaintiff's original complaint has not been included on the docket for this removed action. His first "revised complaint" (ECF No. 1-2) ("Revised Complaint") has been supplemented by another complaint (ECF No.

1

was convicted of fifth degree larceny in 2015. See Raffone v. Home Depot U.S.A., Inc., No. FBTCV 145030086, 2015 WL 3974421 (Conn. Super. Ct. June 4, 2015). As part of this prosecution, the prosecutor, defendant Messina, sought a hearing to forfeit plaintiff's truck to the police department pursuant to Connecticut General Statutes § 54-33g. Plaintiff alleges that at the hearing, Messina "knowingly and willfully elicited [] false testimony" from a police officer, defendant Hine. Revised Compl. (ECF No. 1-2) at 3.

At the hearing, Hine testified that a potential lien holder with regard to plaintiff's truck, Industrial Acceptance Corporation ("IAC") had been contacted. Tr. (ECF No. 30-3) at 77:1-9.[2] He testified that, although IAC held the paper title to the vehicle as collateral, there was no lien on the truck. Id. at 77:22-25. Hine's testimony was false because he said IAC did

---

16-1) ("Third Complaint"). The Third Complaint incorporates the Revised Complaint. Plaintiff's supplemental submission on January 5, 2017 (ECF No. 42) will not be considered by this Court because it was not filed in accordance with Federal Rule of Civil Procedure 15(a)(2).

[2] Because plaintiff incorporated his original complaint from the state docket into his Third Complaint (ECF No. 16-1), the Court may properly consider page 77 of the transcript and letters between IAC and Sergeant Hine. See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.").

2

not have an interest in the truck when in fact it did.  Revised Compl. (ECF No. 1-2) at 3-4.

Plaintiff alleges that three letters between Hine and IAC were unlawfully withheld preventing him from impeaching Hine's testimony.  He also alleges there was a conspiracy between Messina and Hine.  First Compl. (Dkt. No. FBT-CV-16-5031758-S) ¶ 2.  He alleges that Hine's false testimony, as well as the conspiracy between Hine and Messina, violated due process.  He seeks compensatory and punitive damages.  Revised Compl. (ECF No. 16-1) at 2.

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint need not allege "detailed factual allegations," but must contain more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (internal quotation omitted).

III. Discussion

    A. Failure to Produce Letters

Prosecutors are entitled to absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Accordingly, a prosecutor is immune from civil liability for initiating a prosecution and presenting the case at trial, and for his or her conduct in preparing for trial. Id. at 430. See also Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993). The immunity applies to a prosecutor's conduct at a forfeiture proceeding arising from a criminal prosecution. Craig v. Vanallen, 1:15-cv-00664 (MAD/DJS), 2016 WL 3920240, at *7 (N.D.N.Y. July 15, 2016); Nowlin v. 2 Jane Doe Female Rochester N.Y. Police Officers, No. 11-CV-712Sc, 2012 WL 1415704, at *7 (W.D.N.Y. Mar. 23, 2012). The immunity is broad, covering

"virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994). The immunity extends to claims alleging improper withholding of exculpatory evidence. Storck v. Suffolk Cty. Dep't of Soc. Servs., 62 F. Supp. 2d 927, 943 (E.D.N.Y. 1999). Accordingly, Messina is entitled to immunity for initiating and conducting the forfeiture proceeding, including her alleged failure to produce the three letters.

B. False Testimony

It is well-established that a witness who testifies at a hearing has immunity with regard to claims for damages based on the testimony. Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983). This immunity bars the claim against Hine arising from his testimony in the forfeiture proceeding.

C. Conspiracy Claims

Plaintiff alleges that Messina and Hine conspired to elicit false testimony and "offend [his] due process" in violation of 42 U.S.C. §§ 1983 and 1985. To prevail on his § 1983 claim, he must show (1) an agreement between two or more state actors; (2) to act in concert to inflict an unconstitutional injury; (3) an overt act done in furtherance of that goal; and (4) damages. Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). To state

a conspiracy claim under 42 U.S.C. § 1985, he must further allege that the object of the conspiracy was to deprive him of equal protection of the laws and the conspiracy was motivated by some class-based animus. L.K. v. Sewanhaka Cent. High Sch. Dist., 641 F. App'x 56, 59 (2d Cir. 2016).

"[C]omplaints containing only conclusory, vague, or general allegations . . . are properly dismissed." Ciambriello v. Cty. of Nassau, 292 F.3d 307, 325 (2d Cir. 2002). That is the situation with regard to the conspiracy claims here. Plaintiff presents no specific allegations regarding the alleged conspiracy. He pleads no facts demonstrating a "meeting of the minds" between the alleged conspirators. See, e.g., Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011). He merely repeats the elements of the section 1985 offense. Revised Compl. (ECF No. 1-2) at 1-2; Third Compl. (ECF No. 16-1) at 2. He also fails to allege facts showing that he was subject to "racial or discriminatory animus." Manbeck v. Micka, 640 F. Supp. 2d 351, 382 (S.D.N.Y. 2009).

III. Conclusion

Accordingly, the motions to dismiss are granted. The Clerk may enter judgment and close the file.

/s/RNC
Robert N. Chatigny, U.S.D.J.

6